**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 14 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MAYRA TORRES-MENDEZ, | No. 21-1398 |
| Petitioner, | Agency No. A206-915-485 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 10, 2023[**]
Seattle, Washington

Before: BYBEE and FORREST, Circuit Judges, and GORDON,[***] District Judge.

Petitioner Mayra Torres-Mendez, a native and citizen of Mexico, seeks

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Andrew P. Gordon, United States District Judge for the District of Nevada, sitting by designation.

review of the Board of Immigration Appeals' (BIA) dismissal of her appeal of the immigration judge's (IJ) decision denying her application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). The IJ concluded that Torres-Mendez's proffered particular social group of "young women . . . who are victims of attempted sexual violence" is not cognizable because it is connected to attempted harm and lacks social distinction. The IJ also found that, even if Torres-Mendez had alleged a cognizable particular social group, there would be no nexus between that group and her fear of persecution because she did not fall within the proposed group. Because the IJ found that Torres-Mendez was ineligible for asylum, she could not satisfy the more demanding requirements for withholding of removal. Finally, the IJ found that she did not qualify for CAT protection because the likelihood that she would be tortured with the consent, acquiescence, or willful blindness of the government was too speculative.

The BIA found no clear error in the IJ's findings and deemed any argument challenging the IJ's determination that Torres-Mendez failed to establish the requisite nexus between persecution and a cognizable social group waived because it was not raised to the BIA. The BIA declined to address Torres-Mendez's newly-articulated groups on appeal because they were not presented to the IJ.

Additionally, the BIA agreed with the IJ that Torres-Mendez failed to establish that it is more likely than not that she would be tortured in Mexico by or with the acquiescence of the government and upheld the IJ's CAT denial.

We have jurisdiction to review the BIA's decision if "the alien has exhausted all administrative remedies available to the alien as of right." 8 U.S.C. § 1252(a)(1), (d)(1). We review the BIA's factual findings, including whether an applicant demonstrated asylum, withholding of removal, and CAT eligibility, for substantial evidence. *Tornes v. Garland*, 993 F.3d 743, 750 (9th Cir. 2021). Under this standard, the BIA's findings "are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

1. Torres-Mendez failed to exhaust a challenge to the IJ's determination that her alleged persecution lacked a nexus to her proposed particular social group. *See Bare v. Barr*, 975 F.3d 952, 960 (9th Cir. 2020) ("Exhaustion requires a non-constitutional legal claim to the court on appeal to have first been raised in the administrative proceedings below . . . and to have been sufficient to put the BIA on notice of what was being challenged." (citations omitted)). At her hearing, Torres-Mendez's counsel defined her particular social group as "young women . . . who are victims of attempted sexual violence." The IJ concluded that Torres-Mendez

3

failed to establish that she was a member of this proposed group and, therefore, could not establish nexus. Torres-Mendez did not challenge this finding before the BIA.[1] *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (no subject-matter jurisdiction over legal claims not presented in administrative proceedings below). We therefore dismiss the petition for relief on asylum and withholding of removal grounds.

2. Substantial evidence supports the BIA's determination that Torres-Mendez failed to establish eligibility for CAT protection. To establish eligibility, an applicant must show that it is "more likely than not that he or she would be tortured if removed," 8 C.F.R. § 1208.16(c)(2), and that torture would be "inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." *Unuakhaulu v. Gonzales*, 416 F.3d 931, 939 (9th Cir. 2005) (quoting 8 C.F.R. § 208.18(a)(1)). Torres-Mendez did not present any evidence that a public official was directly involved in the harm she alleged or that an official acquiesced to her treatment. In fact, she made no report of the incidents to the police or any other public official.

Torres-Mendez relies almost entirely on the government's general inability

---

[1] Further, the BIA did not err in declining to consider new particular social groups Torres-Mendez raised for the first time on appeal. *Honcharov v. Barr*, 924 F.3d 1293, 1297 (9th Cir. 2019).

to manage the level of violence in Mexico. However, the general ineffectiveness of a government to prevent violence does not rise to the level of acquiescence required for CAT protection. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1034–35 (9th Cir. 2014) (acquiescence requires corruption or other evidence of failure to oppose and a government does not acquiesce "merely because it is aware of torture but powerless to stop it" (citation omitted)); *Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016) ("We have stated that a general ineffectiveness on the government's part to investigate and prevent crime will not suffice to show acquiescence."). The record in this case would not compel any reasonable adjudicator to conclude that it would be more likely than not that Torres-Mendez would be tortured by or with the acquiescence of a public official if she returns to Mexico. We therefore deny the petition with regard to CAT protection.

**PETITION DISMISSED IN PART AND DENIED IN PART.**

5